UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Kevin D. Hall

   v.                                    Civil No. 07-cv-343-JL

Richard Van Wickler,
Superintendent, Cheshire County
Department of Corrections, et al.[1]


**O R D E R**

Before the Court is Kevin Hall's complaint (document no. 1), filed pursuant to 42 U.S.C. § 1983, alleging that the defendant violated his constitutional right to confidentiality in his medical records. Because Hall is a prisoner, this matter is before me for preliminary review to determine, among other things, whether or not the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A; United States

---

[1] In addition to naming Richard Van Wickler as a defendant to this action, Hall names the Cheshire County House of Corrections Medical Department. Because no specific individuals in the Medical Department have been named, or identified as committing specific constitutional violations, in this matter, I will construe this action as naming only Van Wickler as a defendant. If Hall identifies, during the discovery process, other individuals responsible for the harms alleged, he may move to amend his complaint to add those individuals as defendants to this action.

District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

## Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true.

See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Between October 2004 and February 2005, Hall was incarcerated at the Cheshire County House of Corrections ("CCHC"), awaiting trial on misdemeanor phone harassment charges. While he was at the CCHC, Hall was suffering from severe mental health and medical problems. Hall repeatedly slashed himself with sharp metal, glass, and other objects, and ate metal and glass, injuring his internal organs. Hall was placed in isolation on suicide watch for 43 days. During that time, Hall ripped up sections of his cell, using the pieces of his cell to cut himself, and to cause further damage to the walls of the cell. After that, Hall was transferred to a different jail and treated for his life-threatening self-inflicted injuries.

When Hall ultimately survived his injuries, CCHC Superintendent Richard Van Wickler sought a criminal prosecution against Hall for the damage he did to the CCHC facility. As part of preparing for the prosecution of Hall, Van Wickler hand-delivered Hall's medical records to the prosecutor in the case. Upon examination, however, it was determined that Hall's medical

records included records from other CCHC inmates.  Hall claims that this mix-up revealed that the CCHC was allowing all of the CCHC inmates' medical records to be kept mixed together in a box in an unsecured location.  Hall alleges that his medical records were mixed into other inmates' files, and that his confidential and sensitive medical and mental health information was accessible to a variety of unauthorized people.

## Discussion[2]

People have a constitutional right to privacy which protects "the individual interest in avoiding disclosure of personal matters."  See Whalen v. Roe, 429 U.S. 589, 599 (1977).  Although the right to privacy in one's medical information is well established, see Doe v. Delie, 257 F.3d 309, 315 (3d Cir. 2001), the precise contours of that right have not been clearly defined in this Circuit.  See Borucki v. Ryan, 827 F.2d 836, 848 (1st Cir. 1987) (approving an approach that balances the privacy rights of the individual seeking to protect information against the governmental interest in dissemination).  Hall alleges that his medical records were not secured at the CCHC and were stored

---

[2]The claim as identified herein will be considered to be the claim raised in this action for all purposes.  If Hall disagrees with this identification of the claim, he must properly move to amend his complaint.

without regard to his privacy or confidentiality rights as any number of unauthorized people could gain access to them.  Hall claims that Van Wickler, as Superintendent of the CCHC, failed to establish a system for maintaining medical records that would protect his confidentiality.  Hall's allegations suffice to state a claim that his rights to confidentiality and to privacy in his personal information were compromised.

Hall sues Van Wickler as the individual responsible for the management of the CCHC and its policies and practices.  Hall does not allege that Van Wickler himself placed his medical files in an accessible location, but that Van Wickler, as the CCHC supervising officer, was responsible for creating policies and ensuring practices at the CCHC that are protect Hall's constitutional rights.  "Supervisory liability under § 1983 cannot be predicated on a respondeat theory, but only on the basis of the supervisor's own acts or omissions."  Aponte Matos v. Toledo Davila, 135 F.3d 182, 192 (1st Cir. 1998) (internal citations omitted).  A supervisor must be "either was a primary actor involved in, or a prime mover behind, the underlying violation."  Camilo-Robles v. Zapata, 175 F.3d 41, 43-44 (1st Cir. 1999).  There must be "an affirmative link, whether through

direct participation or through conduct that amounts to condonation or tacit authorization" to the violation alleged. Id. at 44.

Hall claims that Van Wickler violated his right to confidentiality by omission, as he did not ensure that of a secure system for medical record management was in place. For purposes of preliminary review, this allegation creates a sufficient link between Van Wickler's omission, as the supervisor of the CCHC, and the violation alleged, to allow this action to proceed against Van Wickler in his supervisory capacity.

## Conclusion

Without commenting further on the merits of the complaint, I find that plaintiff has stated a claim upon which relief may be granted. Accordingly, I order that the complaint be served on defendant. My review of the file indicates that Hall has filed a summons form for Van Wickler. The Clerk's office shall issue the summons against defendant and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summons and a copy of the complaint (document no. 1), and this Order. Upon receipt of the necessary documentation,

the U.S. Marshal's office shall effect service upon defendant. See Fed. R. Civ. P. 4(c)(2).

Defendant is instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendant by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   May 15, 2008

cc:     Kevin D. Hall, pro se