UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Kevin D. Hall

    v.                                      Civil No. 07-cv-343-JL
                                              Opinion No.

Richard Van Winkler

**O R D E R**

Defendant Richard Van Winkler, the Superintendent of the Cheshire County House of Corrections, has moved to dismiss, and also moved for summary judgment on, plaintiff Kevin D. Hall's pro se complaint that his constitutional right to privacy was violated by alleged deficiencies in the jail's system for maintaining inmate medical records. The Magistrate Judge identified this claim based on Hall's allegations that, when his medical records were delivered to a prosecutor investigating charges against him for vandalizing the jail (causing injury to himself), the records were found to contain the mis-filed records of other inmates. Rept. & Rec. at 3-4. Hall alleged "that this mix-up revealed that the [jail] was allowing all of the [jail's] inmates' medical records to be kept mixed together in a box in an unsecured location," exposing his own medical records to access by "a variety of unauthorized people." Id.

It is a difficult question whether this allegation, if true, would establish a potential violation of Hall's constitutional

right to privacy. Compare Whalen v. Roe, 429 U.S. 589, 600-01 (1977) (suggesting that state officials could violate patients' constitutional right to privacy "by failing, either deliberately or negligently, to maintain proper security" over records of their prescriptions); Faison v. Parker, 823 F. Supp. 1198, 1204-05 (E.D. Pa. 1993) (considering, but rejecting, similar claim as to medical records contained in a pre-sentence report); Laurence H. Tribe, American Constitutional Law § 15-16, at 1399 (2d ed. 1988) (opining that "individuals should be able to challenge the overall sufficiency of the safeguards provided" by the state for its "processing information about individuals") (footnote omitted) with Vega-Rodriquez v. P.R. Tel. Co., 110 F.3d 174, 183 (1st Cir. 1997) ("Even if the right of confidentiality has a range broader than that associated with the right to autonomy, that range has not extended beyond prohibiting profligate disclosure of medical . . . data.") (citation omitted).

    This court need not reach the question, however, because the allegation is false, as demonstrated by Van Winkler's testimony in his affidavit that inmate medical records at the jail have at relevant times been filed alphabetically by inmate in cabinets in a locked section of the jail's medical offices accessible only by medical personnel. Moreover, Winkler states, none of Hall's records was ever mis-filed with those of another inmate so as to

risk its exposure to unauthorized persons.  Hall has not disputed this testimony or, indeed, even objected to Van Winkler's summary judgment motion, making Van Winkler's account the official version of events.  See L.R. 7.2(b)(2).  So, assuming, for this case only, that the state has a constitutional duty to maintain proper security over medical information that it compiles, it discharged that duty here.  See Faison, 823 F. Supp. at 1205.

The court therefore GRANTS Van Winkler's motion for summary judgment (document no. 26) because the claimed constitutional violation did not occur.  The court does not reach any of Van Winkler's other arguments in support of the motion.  Van Winkler's motion to dismiss (document no. 13) and Hall's request to preserve evidence, to wit, the jail itself (document no. 31) are DENIED as moot.  The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  March 6, 2009

cc:  Kevin D. Hall, pro se
     John A. Curran, Esq.